UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

**CODY STEWART et al**                                               **PLAINTIFFS**

**VERSUS**                              **CIVIL ACTION NO. 1:18CV53-HSO-JCG**

**HUNT SOUTHERN GROUP,**
**LLC et al**                                                      **DEFENDANTS**

<u>ORDER GRANTING PLAINTIFFS' MOTION
FOR LEAVE TO AMEND COMPLAINT</u>

BEFORE THE COURT is Plaintiffs' Motion for Leave to Amend Complaint (ECF No. 153). Defendants have responded to the Motion (ECF Nos. 166, 167), and Plaintiffs have filed a rebuttal. (ECF No. 172). Having considered the submissions of the parties, the record, and relevant law, the Court concludes that Plaintiffs' Motion for Leave to Amend Complaint should be granted.

BACKGROUND

Plaintiffs maintain that they were exposed to mold while living in housing at Keesler Air Force Base in Biloxi, Mississippi. Defendants are alleged to have owned or managed the property. This is one of thirteen similar cases currently pending before the Court that were removed from state court. Nine of the cases, including this one, were removed in February 2018. Two were removed in December 2018, and two were removed in 2019.

In the first nine cases removed, which includes this one, the case management orders established deadlines in June 2018 for amended pleadings. Plaintiffs requested leave to amend their Complaints in these cases on March 8,

2019, nearly nine months after the amended pleadings deadline. Plaintiffs wish to assert a third-party beneficiary cause of action. They allege that a Property Management Agreement and Environmental Management Plan created a contractual obligation to respond to residents' reports of mold and to inspect housing and ventilation systems upon each change of occupancy.

Plaintiffs also request leave to clarify in an amended complaint that their breach of contract claims encompass allegations that Defendants constructively evicted them and breached a duty to repair. Plaintiffs seek to clarify "that their previously asserted causes of action encompass a claim for violation of § 3951 of The Servicemembers Civil Relief Act (SCRA)" and that their claims for attorneys' fees and punitive damages "are statutory claims under the SCRA."

DISCUSSION

"When a trial court imposes a scheduling order, Federal Rules of Civil Procedure 15 and 16 operate together to govern the amendment of pleadings." *Texas Indigenous Council v. Simpkins,* 544 F. App'x 418, 420 (5th Cir. 2013); *see Fahim v. Marriott Hotel Servs., Inc.,* 551 F.3d 344, 348 (5th Cir. 2008). Under Rule 16(b) – which sets forth a higher initial threshold than the more liberal standard of Rule 15(a) – the deadline to amend can only be extended upon a party's demonstration of good cause and with the Court's consent. *Fahim,* 551 F.3d at 348.

Good cause requires a party "to show that the deadlines cannot reasonably be met despite the diligence of the party needing the extension." *Id.* Four factors are relevant to good cause: "(1) the explanation for the failure to timely move for leave

2

to amend; (2) the importance of the amendment; (3) the potential prejudice in allowing the amendment; and (4) the availability of a continuance to cure such prejudice." *Id.* (quoting *Sw. Bell Tel. Co. v. City of El Paso,* 346 F.3d 541, 546 (5th Cir. 2003)).

"If the party meets the good-cause standard, the deadline can be extended, and the more liberal standard of Rule 15(a) will then apply to the request for leave to amend." *Texas Indigenous Council,* 544 F. App'x at 420 (5th Cir. 2013) (citing *Fahim,* 551 F.3d at 348). "[L]eave to amend under Rule 15(a) is to be freely given[; however,] that generous standard is tempered by the necessary power of a district court to manage a case." *Priester v. JP Morgan Chase Bank, N.A.,* 708 F.3d 667, 678 (5th Cir. 2013) (quoting *Schiller v. Physicians Res. Grp. Inc.,* 342 F.3d 563, 566 (5th Cir. 2003)). In determining whether to grant leave to amend under Rule 15(a), "the court may consider factors such as 'undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of the allowance of the amendment, [and] futility of the amendment.'" *Leal v. McHugh,* 731 F.3d 405, 417 (5th Cir. 2013) (alteration in original) (citations omitted).

Plaintiffs urge that their delay in asserting a third-party beneficiary cause of action is due to "previously-unknown facts and an explanation regarding the context and purpose" of the Property Management Agreement and Environmental Management Plan. (ECF No. 189, at 1). Defendants counter that the documents were produced to Plaintiffs' counsel in May 2018 and September 2018. Plaintiffs

admit this but submit that they first learned at a deposition on February 27, 2019, that the Property Management Agreement and Environmental Management Plan were exhibits to the closing documents consummating the sale of the housing units from the Air Force to Defendant Forest City Southern Group, LLC, now known as Hunt Southern Group, LLC. In response, Defendants do not address whether it was disclosed to Plaintiffs prior to the February 27, 2019, deposition that the Property Management Agreement and Environmental Management Plan were attached to the closing documents.

     The explanation for delay is debatable; however, the import of the delay is measured against the prejudice that the amendments would impose on Defendants. Defendants do not identify any particular additional discovery that Plaintiffs' amendments would require. Plaintiffs have not asked for further discovery. No dispositive motions have been filed, and the deadline for dispositive motions has been extended. Plaintiffs' proposed new action and clarifications do not substantially change the theories on which this case has been proceeding. Defendants will be required to respond to the third-party beneficiary claim and proposed clarifications in the four later-removed cases because the operative pleadings in those cases contain the amendments proposed in this case. The amendments are important to Plaintiffs, and there is no allegation of bad faith or dilatory motive on their part. Plaintiffs have not previously amended their complaint. Plaintiffs' Motion for Leave to Amend Complaint should be granted.

**IT IS THEREFORE ORDERED AND ADJUDGED** that Plaintiffs' Motion for Leave to Amend the Complaint (ECF No. 153) is **GRANTED**. Plaintiffs are to promptly file their amended complaint.

**SO ORDERED AND ADJUDGED**, this the 25th day of April 2019.

/s/ John C. Gargiulo
JOHN C. GARGIULO
UNITED STATES MAGISTRATE JUDGE